UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

DAVID MITCHELL BLACKBURN,     )
          )
    Plaintiff,        )      No. 6:26-CV-47-HAI
          )
v.          )      **MEMORANDUM OPINION &**
          )            **ORDER**
FRANK BISIGNANO,        )
*Commissioner of Social Security*,    )
          )
    Defendant.       )

*** *** *** ***

On December 23, 2022, Plaintiff David Mitchell Blackburn filed a protective Title II application for disability insurance benefits and a Title XVI application for supplemental security income, with alleged disability also beginning December 23, 2022.  D.E. 9 at 17.[1]  The Social Security Administration denied Blackburn's claims initially and upon reconsideration.  *Id*.  On August 29, 2024, Administrative Law Judge ("ALJ") Eric Schwarz conducted an administrative hearing by telephone.  *Id*.  The ALJ heard testimony from Blackburn and impartial vocational expert ("VE") Barry Hensley.  Blackburn was represented by attorney Andrew Fair Kirkendall, with attorney Brady Howell appearing at the hearing.  *Id*.  The ALJ issued a Decision denying the applications on October 16, 2024.

Blackburn now brings this action under 42 U.S.C. §§ 405(g) and 1383(c) to obtain judicial review of the ALJ's decision denying his application for disability insurance benefits and social security income.  D.E. 1.  The parties consented to the referral of this matter to a magistrate judge.

---

[1] For the administrative record (D.E. 9), the Court will refer to the black page numbers printed on the bottom of each page.  Otherwise, page number references are to the blue numbers generated by ECF.

D.E. 15.  This matter was thus referred to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

Blackburn filed a memorandum arguing the ALJ erred in discrediting his testimony concerning his need to sit and elevate his swollen legs.  D.E. 11.  The Commissioner responded in opposition.  D.E. 18.  On May 22, 2026, Blackburn replied.  D.E. 19.  The Court, having reviewed the record and for the reasons stated herein, **GRANTS** Blackburn's request to remand for further proceedings consistent with this Order.

### I.  The ALJ's Decision

Under 20 C.F.R. §§ 404.1520, 416.920, an ALJ conducts a five-step analysis to evaluate a disability claim.  The ALJ followed these procedures in this case.  *See* D.E. 9 at 17-30.

At the first step, the ALJ must determine whether the claimant is currently engaged in a substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i).  Here, the ALJ found Plaintiff had not been engaged in a substantial gainful activity since the alleged onset of his disability, December 23, 2022.  D.E. 9 at 19.

At the second step, the ALJ must determine whether the claimant has "a severe medically determinable physical or mental impairment that meets the [Social Security Act's] duration requirement . . . or a combination of impairments that is severe and meets the duration requirement."  20 C.F.R. § 404.1520(a)(4)(ii).  The ALJ found Plaintiff had the following severe impairments: degenerative disc disease, mild to moderate osteoarthritic change in the left wrist, and bilateral lower extremities edema.  D.E. 9 at 20.

At the third step, the ALJ must determine whether the claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  If so, the claimant is

2

found to be disabled.  20 C.F.R. § 404.1520(d).  Here, the ALJ found Plaintiff to have no such impairment.  D.E. 9 at 20.

When a claimant is not found disabled at the third step, the ALJ proceeds to the fourth step. At the fourth step, the ALJ must determine the claimant's past relevant work history and Residual Functional Capacity ("RFC"), which is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.  20 C.F.R. § 404.1520(a)(4)(iv).  The ALJ found Plaintiff had

> the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can lift and carry 20 pounds occasionally and 10 pounds frequently, can stand and walk 6 hours and sit 6 hours total in an eight-hour workday, can frequently climb ramps and stairs, stoop, kneel, crouch, and crawl, can never climb ladders, ropes, or scaffolds, needs to avoid concentrated exposure to vibration and hazards, and can do no more than frequent reaching, handling, feeling, and fingering with the nondominant hand.

D.E. 9 at 21-22.  The ALJ further determined that Plaintiff had no past relevant work.  *Id.* at 28.

Thus, the ALJ proceeded to step five of the analysis.  At step five, the ALJ must determine if a claimant can adjust to other work given the claimant's RFC, age, education, and experience. 20 C.F.R. § 404.1520(a)(4)(v).  In making this determination, the ALJ must determine whether such jobs exist in significant numbers in the national economy.  20 C.F.R. § 404.1560(c)(1).  The claimant is not disabled if the SSA establishes such jobs exist.  *Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir. 1999).  Here, the ALJ found that Plaintiff could work light occupations, such as mail sorter, office helper, and storage-facility rental clerk.  D.E. 9 at 29.  Each of these jobs were deemed to exist in significant numbers in the national economy.  *Id.*

Blackburn posits a single argument, which is that the ALJ committed legal error in the manner of explaining his adverse credibility finding.  He says, "The ALJ improperly assessed Plaintiff's subjective symptoms and complaints related to his severe impairment of bilateral lower extremities edema."  D.E. 11 at 1.

## II. General Standards of Review

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

In determining the existence of substantial evidence, courts must examine the record as a whole. *Mullen*, 800 F.2d at 545. (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, courts are not to conduct a *de novo* review, resolve conflicts in evidence, or make credibility determinations. *Id.* (citations omitted); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the ALJ's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999); *see also Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Mullen*, 800 F.2d at 545; *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

Under the current rules, all medical opinions are weighed in light of several factors: supportability, consistency, relationship with the claimant, specialization, and any other relevant

4

factors. 20 C.F.R. § 416.920c(c). Supportability and consistency "are the most important factors" in weighing medical opinions. *Id*. § 416.920c(b)(2).

Federal courts may also remand the Commissioner's decision on the basis that the ALJ failed to follow a procedural rule, as "it is an elemental principle of administrative law that agencies are bound to follow their own regulations." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545, (6th Cir. 2004). "'[A] decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). Generally, administrative procedural mistakes are reviewed for harmless error. *Rabbers*, 582 F.3d at 654.

Disability determinations often hinge on the claimant's credibility. The ALJ must consider statements or reports from the claimant. 20 C.F.R. § 404.1529(a). To determine whether statements of a claimant are credible, the following two-part test is used:

> First, the ALJ will ask whether there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms. Second, if the ALJ finds that such an impairment exists, then he must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities.

*Rogers*, 486 F.3d at 247 (citing 20 C.F.R. § 416.929(a)).[2] It is within the province of the ALJ, rather than the reviewing court, to evaluate the claimant's credibility. *Rogers*, 486 F.3d at 247

---

[2] In 20 C.F.R. § 404.1529, the Social Security Administration informs claimants that, in certain credibility determinations, the following factors should guide the analysis of the agency decision makers:

> (i) Your daily activities; (ii) The location, duration, frequency, and intensity of your pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms; (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms; (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

(citing *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997); *Crum v. Sullivan*, 921 F.2d 644 (6th Cir. 1990); *Kirk v. Sec'y of Health & Human Servs*., 667 F.2d 524, 538 (6th Cir. 1981)). Even so, the credibility determinations of the ALJ must be reasonable and supported by substantial evidence. *Rogers*, 486 F.3d at 249.

### III.  The ALJ's Credibility Assessment

Blackburn argues the ALJ provided an inadequate explanation for discounting his testimony. Recall the ALJ listed "bilateral lower extremities edema" (swelling of the legs) among Blackburn's severe impairments. D.E. 9 at 20. The ALJ summarized Blackburn's hearing testimony as follows:

> **He felt pain in his knees, ankles, hips, and back, and the arthritis was in his knees and hands.** He did not have to have a cane yet. **If he stood 15-20 minutes he had to sit down.  He still had problems with leg swelling in his ankles, knees, and hips.  He spent probably half the day sitting.  He could sit for 10 minutes.** His mother came over and did the cooking, cleaning, and laundry. **He elevated his legs most of the time when he was watching TV, which was probably for a couple of hours, but the swelling had not gone down.** He got out of the home about three or four times a month. His mother came and took him to where he was going. Sometimes he would go grocery shopping, but if he went, he had to have something to lean on. The heaviest item he could put into the shopping cart without pain was maybe a box of cereal or a bag of chips. He could lift a 12-pack of pop, but it hurt in his hands. He quit his job at Dollar General because he could not handle the job. He would not be able to perform work for an eight-hour shift, as he had a difficult enough time doing part-time work. He only prepared microwaveable meals, cereals, or sandwiches. He did not have any difficulty maintaining his hygiene such as standing long enough to take a shower and brushing his teeth, as it did not take long to take a shower. He had to climb stairs to get in and out of his second-floor apartment, and that hurt too. He could clean up some, but he could not do it all, as he had to stop. The last time he drove a vehicle was about a year earlier when he drove to work.  He took 800 mg prescription ibuprofen every day for his arthritic pain. He received a little touch of benefit from taking that medication, but it did not take his pain away all the way. Sometimes he dozed off and on. He might get six to seven hours of sleep because sometimes he was just lying there tossing and turning.

---

(vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3); *see also Felisky v. Bowen*, 35 F.3d 1027, 1037-38 (6th Cir. 1994).

D.E. 9 at 22-23 (emphasis added).

Had the ALJ credited Blackburn's testimony about the need to sit and elevate his legs for long periods, the outcome would be different. In querying the VE at the telephonic hearing, the ALJ asked, "would sedentary work be possible if someone had to elevate their legs to waist height?" The VE testified no. D.E. 9 at 64.

In his written opinion, the ALJ made the following credibility findings:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms except for his alleged symptoms from depression and possible diabetes; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

> As for the claimant's statements about the intensity, persistence, and limiting effects of his symptoms, they are inconsistent because the claimant has limiting but not disabling symptoms.

D.E. 9 at 23. To summarize, the ALJ said Blackburn's testimony was "not entirely consistent with the medical evidence and other evidence." The only elaboration on this point in the entire opinion is that "they are inconsistent because the claimant has limiting but not disabling symptoms." As previously noted, if Blackburn's testimony was credited, then his symptoms would be disabling.

After stating this finding, the ALJ's opinion then summarized the non-psychological medical records. D.E. 9 at 24-28. In doing so, the ALJ did not explicitly return to the topic of Blackburn's credibility. The opinion did not explain how the record evidence was inconsistent with Blackburn's testimony concerning the extent and effects of his leg swelling and pain. The Court could make guesses as to how the various pieces of medical evidence might undermine Blackburn's testimony on this topic. And the Commissioner has suggested what the ALJ's reasoning might have been. D.E. 18 at 5-10. But the bottom line is that the ALJ did not thread

this needle.  The ALJ does not explain which "medical evidence and other evidence in the record" is inconsistent with Blackburn's testimony about dealing with leg pain and swelling.  The ALJ does not explain how Blackburn's testimony factors into the finding that he has "limiting but not disabling symptoms."

Caselaw within this Circuit points to remand as the appropriate result here.

An ALJ's credibility findings—at least ones which are properly articulated in accordance with the regulations—are generally afforded "great weight and deference" on appeal.  *Workman v. Comm'r of Soc. Sec.*, 105 F. Appx. 794, 801 (6th Cir. 2004).  Caselaw often premises this need for great deference on the fact that the ALJ, unlike the reviewing court, has observed the claimant's demeanor in person.[3]  In the Court's experience, ALJ hearings have for some time now in this District been conducted entirely by telephone, as in this case.  To the extent that this great deference is legally founded on face-to-face observation, such deference may not be appropriate in the age of telephonic hearings.  In any event, the Court believes the issue in Blackburn's case constitutes a *legal error* in the writing of the ALJ's opinion.  The problem is the opinion does not provide the level of explanation required by the regulations.  In no way is the Court attempting to weigh Blackburn's testimony against the rest of the record.  Given that no weighing (of credibility

---

[3] "Because the ALJ is charged with the responsibility of **observing the demeanor** and credibility of the witness, his conclusions should be highly regarded."  *Cameron v. Comm'r of Soc. Sec.*, No. 1:15-CV-169-HSM-SKL, 2016 WL 11431681, at *5 (E.D. Tenn. Apr. 12, 2016), *recommendation adopted*, 2016 WL 4094884 (E.D. Tenn. Aug. 2, 2016) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) & *Villarreal v. Sec'y of Health & Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987)).  "An ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of **observing a witness's demeanor** and credibility."  *Chase v. Comm'r of Soc. Sec.*, No. 1:21-CV-414, 2022 WL 2800913, at *5 (W.D. Mich. July 18, 2022) (quoting *Walters*, 127 F.3d at 531).  "Since the ALJ has **the opportunity to observe the claimant in person**, a court reviewing the ALJ's conclusion about the claimant's credibility should accord great deference to that determination.  *Hardman v. Berryhill*, No. 5:16-CV-2795, 2018 WL 1545707, at *19 (N.D. Ohio Mar. 5, 2018), *recommendation adopted*, 2018 WL 1536743 (N.D. Ohio Mar. 29, 2018) (citing *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993).  "[An] ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with **observing the claimant's demeanor** and credibility."  *Willette v. Comm'r of Soc. Sec.*, No. 14-11637, 2015 WL 5559833, at *12 (E.D. Mich. Aug. 24, 2015), *recommendation adopted*, 2015 WL 5545718 (E.D. Mich. Sept. 18, 2015) (quoting *Cruse v. Comm'r of Soc. Sec.,* 502 F.3d 532, 542 (6th Cir. 2007)).

or otherwise) is being done here, the rules about deference to credibility findings are not really in play.

Blackburn points to the oft-cited Sixth Circuit case of *Cox*.  There, the Court, relying on the seminal case of *Rogers* explained what ALJs must do when making an adverse credibility finding:

> Social Security Ruling 96–7p[, 1996 WL 374186,] requires the ALJ [to] explain his credibility determinations in his decision such that it "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."  In other words, blanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence.

*Cox v. Comm'r of Soc. Sec.*, 615 F. App'x 254, 259 (6th Cir. 2015) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 2007)).

The claimant in *Cox* testified "that symptoms of her hand and wrist conditions limit her activities."  *Cox*, 615 F. App'x at 259.  Nevertheless, the ALJ adopted the VE's opinion that Cox could work as a sewing machine operator.  Problematically:

> The ALJ's only explicit reference to Appellant's credibility consisted of the following single-sentence paragraph:
>
> > After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

*Id*. at 259-60.

The Court found this "boilerplate" language to be "unhelpful" and "hackneyed."  *Cox*, 615 F. App'x at 260.  The Court's "chief concern with the popularity of this template, however, [was] the risk that an ALJ will mistakenly believe it sufficient to *explain* a credibility finding, as opposed

to merely introducing or summarizing one." *Id*. The ALJ in *Cox* had made this mistake because she "did not articulate any reason for discrediting Appellant's testimony" and the ALJ's "only explicit reference to Appellant's credibility consisted of the boilerplate quoted above." *Id*.

> The Commissioner argued that
>
> an *implicit* explanation can be inferred from the ALJ's discussion of the record. In her decision, the ALJ discussed Appellant's daily activities immediately before the credibility boilerplate and proceeded to discuss medical evidence immediately after. According to the Commissioner, the discussion as a whole makes clear that the ALJ discredited Appellant's testimony because it was inconsistent with the daily activities and medical evidence discussed.

*Cox*, 615 F. App'x at 260.

The appellate panel disagreed: "[T]his approach would constitute impermissible speculation as to the grounds for the ALJ's conclusions." *Cox*, 615 F. App'x at 261. The fact was the ALJ's discussion of the evidence did not permit the reviewing Court to "reasonably infer a sufficient explanation for [the ALJ's] credibility finding." *Id*. Although the ALJ cited medical findings, she did not discuss the providers' "findings regarding Appellant's hands." *Id*.

> The *Cox* Court concluded:
>
> In sum, neither the ALJ's boilerplate credibility finding nor her discussion of the evidence makes clear her reasons for discrediting Appellant's testimony concerning her manipulative limitations. We therefore cannot determine whether the omission of manipulative limitations from Appellant's RFC is supported by substantial evidence. Accordingly, we remand to the Commissioner for a new credibility finding and explanation thereof.

*Cox*, 615 F. App'x at 261.

The rule described in *Cox* has been widely followed in this Circuit. *See, e.g., Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x 162, 174 (6th Cir. 2016) (applying *Cox*, but finding "the ALJ provided an adequate explanation of the adverse credibility finding, pointing to, among other things, Sorrell's inconsistent statements, and her failure to provide medical evidence supporting

her claims regarding the intensity and pervasiveness of her pain"); *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 476-77 (6th Cir. 2016) (applying *Cox*, but finding no error); *Andrea K. v. Comm'r of Soc. Sec.*, No. 1:25-CV-12783, 2026 WL 1413841, at *13-14 (E.D. Mich. May 20, 2026) (applying *Cox*, but finding the ALJ's explanation sufficient); *Kimberly Ann, J. v. Comm'r of Soc. Sec.*, No. 22-12397, 2024 WL 1699496, at *3 (E.D. Mich. Mar. 7, 2024) (finding no *Cox* error); *Mace v. Comm'r of Soc. Sec.*, No. 1:19-CV-1502, 2020 WL 7040592, at *3-4 (N.D. Ohio Nov. 30, 2020) (remanding under *Cox*); *Huffman v. Saul*, No. 5:19-CV-449-CHB, 2020 WL 6937441, at *5 (E.D. Ky. Nov. 24, 2020) (remanding under *Cox*); *Barnes v. Comm'r of Soc. Sec.*, No. 16-13714, 2018 WL 1474693, at *12 (E.D. Mich. Mar. 6, 2018), *recommendation adopted*, 2018 WL 1471440 (E.D. Mich. Mar. 26, 2018) (finding under *Sorrell* that the ALJ provided "an adequate explanation of the adverse credibility finding"); *Riley v. Berryhill*, No. 3:16-CV-776-DW, 2017 WL 3468556, at *6 (W.D. Ky. Aug. 11, 2017) (finding under *Cox* that, despite using the credibility boilerplate, "the ALJ subsequently offered several reasons for discounting Riley's credibility separate from the boilerplate language"); *Andreasen v. Berryhill*, No. 16-CV-11526, 2017 WL 2962999, at *4 (E.D. Mich. June 26, 2017), *recommendation adopted*, 2017 WL 2954771 (E.D. Mich. July 11, 2017) (declining to "speculate what the ALJ meant" in his credibility findings and remanding under *Cox*); *O'Brien v. Colvin*, No. 15-12200, 2016 WL 6821142, at *4 (E.D. Mich. Oct. 28, 2016), *recommendation adopted*, 2016 WL 6804556 (E.D. Mich. Nov. 17, 2016) (remanding upon finding "the same deficiencies as in *Cox*," when the ALJ "simply summarized the record and then rendered boilerplate conclusions regarding O'Brien's credibility and the opinions of medical sources").

Comparing these cases to Blackburn's, the Court is unable to meaningfully distinguish this case's credibility-analysis issues from the cases in which remand was ordered.

For example, the circumstances here resemble those in *Chase*, and the Court agrees with that court's analysis under *Cox*. *Chase v. Comm'r of Soc. Sec.*, No. 1:21-CV-414, 2022 WL 2800913, at *6 (W.D. Mich. July 18, 2022). As noted, SSR 16-3p requires an ALJ to clearly articulate his specific reasons for the weight he gave to the claimant's subjective symptoms "so that the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." 2017 WL 5180304, at *10. Here, the ALJ failed adequately to explain why he found Blackburn's subjective complaints inconsistent with the medical or other evidence in the record—aside from the finding that Blackburn's symptoms were "limiting but not disabling," a finding that assumes a lack of credibility rather than explaining it (D.E. 9 at 23-24). *Chase*, 2022 WL 2800913, at *6 (citing *Gross v. Comm'r of Soc. Sec.*, 247 F. Supp. 3d 824, 829-30 (E.D. Mich. 2017)). The ALJ here did not build the "accurate and logical bridge between evidence and result," so as to "permit meaningful review." *Id*. Here, as in other cases, the Court is "left to guess" as to "the ALJ's logic or reasoning" because it is "not readily discernable" from the written opinion. *Id*. (quoting *Fish v. Comm'r of Soc. Sec.,* No. 1:18-CV-1257, 2019 WL 8129461, at *4 (W.D. Mich. Oct. 3, 2019), *recommendation adopted*, 2020 WL 1028055 (W.D. Mich. Mar. 3, 2020)). "It may be that substantial evidence supports that ALJ's assessment of Plaintiff's subjective symptoms, but without some reasoned explanation, the Court cannot conclude that such is the case." *Id*. "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." *Id*. (quoting *Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985)). "Accordingly, remand is appropriate for the ALJ to re-evaluate Plaintiff's subjective symptoms and explain why they are not supported by the medical and other evidence." *Id*.

12

As the court in *Fish* also explained:

> [An] ALJ is not permitted to assess a claimant's subjective allegations based upon "an intangible or intuitive notion about an individual's credibility." *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 247 (6th Cir. 2007). Instead, the ALJ's rationale for discrediting a claimant's testimony "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.* at 248. Accordingly, "blanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence." *Id.*

*Fish*, 2019 WL 8129461, at *4. As here, the *Fish* court was "left to guess as to what the ALJ's 'reasons' might be because the ALJs logic or reasoning in this regard" was not readily discernable from the written opinion. *Id.* As here, the *Fish* claimant's "subjective allegations, in light of her impairments, [were] not so absurd or fantastical as to be incredible on their face." *Id.*

> This is not to suggest that the record fails to contain evidence which might support a decision to discount Plaintiff's testimony and other statements. As is the case in most Social Security appeals, there is evidence supporting a finding that Plaintiff is credible as well as evidence supporting the opposite conclusion. However, this Court's role is not to search the record for such evidence and articulate a rationale for one outcome or the other. Instead, the Court is limited to reviewing the ALJ's rationale and determining if such is supported by substantial evidence. In this case, however, the Court cannot perform this task because the Court simply cannot discern the ALJ's rationale for discounting Plaintiff's credibility.

*Id.* For the same reasons expressed in these cases, remand is appropriate here.

To complete the record, the Court notes the Commissioner's argument that Blackburn has not met his burden of demonstrating, with medical evidence, that his RFC is more limited than found by the ALJ. D.E. 18 at 3-4, 9-10 (citing *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019); *Dyson v. Comm'r of Soc. Sec.*, 786 F. App'x 586, 589 (6th Cir. 2019); *Talarico v. Comm'r of Soc. Sec.*, No. 3:24-CV-00475-MJD, 2026 WL 161406, at *6 (E.D. Tenn. Jan. 21, 2026)).

These arguments and authorities would carry weight if this case dwelt in the more common realm of substantial-evidence review. But these arguments sidestep the pivotal issue in this case, which is the ALJ's legal error in failing to make a connection between the evidence of record and Blackburn's credibility concerning the extent of his need to sit and elevate his legs during the day. That Blackburn suffers from lower-body swelling and pain is established in the record, and the ALJ found his bilateral lower extremities edema to be a severe impairment. Further, the VE testified that the need to raise his legs, if applicable, would render Blackburn incapable of working, as defined in the regulations. So, this is not a substantial-evidence case where Blackburn would need to show the ALJ's evaluation of the record falls outside the realm of reasonable choice. This is a case under the rule of *Cox* where the written ALJ opinion precludes meaningful appellate review due to a legal insufficiency.

### IV.  Conclusion

Here, the ALJ committed legal error by failing to comply with the requirements of SSR 16-3p. Under this regulation, the ALJ must clearly articulate his specific reasons for the weight given to the claimant's subjective symptoms "so that the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." 2017 WL 5180304, at *10. This error precludes substantial-basis review. Further, Blackburn testified that he must sit and raise his legs for long period throughout the day. If this testimony is accepted, then, under the VE's analysis, Blackburn would qualify as disabled. The error is accordingly not harmless.

**IT IS HEREBY ORDERED THAT** Plaintiff's request for remand (D.E. 11 at 10) is **GRANTED**. The Commissioner's decision is **VACATED** and this matter is **REMANDED** for further administrative action under sentence four of 42 U.S.C. § 405(g).

This the 17th day of June, 2026.



Signed By:

*Hanly A. Ingram*

**United States Magistrate Judge**